## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| CLINT PHILLIPS, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-CV-00048 RWS |
| | ) | |
| OFFICER UNKNOWN BITTICK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's post-dismissal motion to reopen the present action. *See* ECF No. 14. The Court will deny the motion.

Plaintiff, who was a prisoner incarcerated at St. Louis County Justice Center, at the time he initiated this civil rights action on January 9, 2024, failed to file his complaint on a Court-provided form, *see* Local Rule 2.06(A), or file a motion to proceed in forma pauperis or pay the filing fee of $405. [ECF No. 1]. Thus, the Court, on January 10, 2024, ordered plaintiff to submit an amended complaint and file either a motion to proceed in forma pauperis or pay the full filing fee. [ECF No. 2].

In the Memorandum and Order issued on January 10, 2024, the Court noted that plaintiff was a three striker within the confines of 28 U.S.C. § 1915(g)[1]; thus, to proceed in forma pauperis in this action, he would need to show he was under "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). Despite this warning, on January 29, 2024, plaintiff filed both an amended complaint and a motion for leave to proceed in forma pauperis. [ECF Nos. 3 and 5]. After

---

[1]*See Phillips v. St. Louis City Police Officers*, No. 4:17-cv-1637-HEA (E.D. Mo. Jan. 10, 2018); *Phillips v. Romeo*, No. 4:17-cv-1636-NAB (E.D. Mo. Aug. 4, 2017); *Phillips v. City of St. Louis*, No. 4:11-cv-791-CEJ (E.D. Mo. May 19, 2011).

a review of the amended complaint, the Court found that plaintiff was unable to proceed as a pauper in this action because his pleading did not indicate he was in imminent danger of serious physical injury. Thus, on January 30, 2024, the Court denied plaintiff's motion to proceed in forma pauperis and dismissed this action "without prejudice to plaintiff refiling a fully-paid complaint." [ECF Nos. 6 and 7].

On February 9, 2024, after the dismissal of this case and during a time when plaintiff was still incarcerated, the Court received a $405 check from plaintiff to pay the full filing fee in this action. [ECF No. 10]. On February 21, 2024, plaintiff filed a motion for extension of time to pay the filing fee. Unfortunately, as set forth in both the Court's January 30, 2024 Memorandum and Order and Order of Dismissal, this action was dismissed *"without prejudice to plaintiff refiling a fully-paid complaint."* (emphasis added). Thus, the Court, on February 27, 2024, denied plaintiff's post-dismissal motion to reopen the present action and ordered the Clerk to return to plaintiff the $405 to plaintiff. [ECF No. 12]. A check was sent to plaintiff an amount of $405 at his place of incarceration at St. Louis County Justice Services, 100 S. Central Ave, Clayton, MO 63105.

However, on May 31, 2024, plaintiff again moved to reopen the present action. Plaintiff asserts that he was released from St. Louis County Justice Services at the end of March 2024. Despite this fact, as noted in the Court's prior Memorandum and Order, at the time he filed the instant action, he was incarcerated, and the three strikes provision of § 1915(g) applied. To the extent plaintiff wishes to pursue his case in this Court, he may file a new complaint, as previously indicated.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's post-dismissal motion to reopen the present action [ECF No. 14] is **DENIED**.

**IT IS FURTHER ORDERED** that an appeal of this Order shall not be taken in good faith.

Dated this 12th day of June, 2024.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE